**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ricky Dean BERGER, Defendant-Appellant.**

No. 11669.

Missouri Court of Appeals, Southern District, Division One.

Feb. 13, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied March 9, 1981.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Louis J. Nolan, Johnson & Sweeney, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

Defendant Ricky Dean Berger was charged with second degree burglary and stealing in violation of §§ 569.170 and 570.-030, RSMo 1978. Defendant filed a motion to suppress certain evidence that had been seized from his home during a search by law enforcement officers. After hearing, the motion was denied. Defendant was then jury-tried, convicted, and sentenced by the trial judge to consecutive five-year terms for the two crimes. This appeal followed. We affirm.

Defendant's sole point relied on is that the trial court erred in overruling his motion to suppress, and in admitting into evidence, over objection, certain evidentiary items that had been taken from his home by law enforcement officers, for the reason that the state failed to prove that defendant's consent to a search of the home was freely and voluntarily given.

The question on appeal is whether the evidence on the consent issue was sufficient or adequate to support the trial court's ruling. *State v. Olinghouse*, 605 S.W.2d 58, 66 (Mo. banc 1980); *State v. Phillips*, 563 S.W.2d 47, 52 (Mo. banc 1978); *State v. Worthon*, 585 S.W.2d 143, 148 (Mo. App.1979). In order to determine that question, it is necessary to state the basic facts of the case, even though the sufficien-

cy of the evidence to sustain a conviction has not been challenged.

On April 23, 1979, a pickup truck owned by George Mulderink, a Dallas County resident, was stolen. Mulderink, upon hearing of the theft, contacted law enforcement authorities. Later that day, Mulderink and a deputy sheriff, while patrolling the area, saw defendant and his brother, Greg Berger, riding in the stolen truck. A chase ensued, in which other law enforcement officers joined, but the Berger brothers eluded capture at that time. A search was made of the area, and the abandoned pickup was found near the home of Bill Darby. The Darby home had been broken into. When found, the pickup contained a number of articles, including an empty gun carrying case, two television sets, a tackle box, and a sleeping bag that did not belong to Mulderink.

The gun carrying case had identification plates which bore the name of Roy F. Rushton at a Kansas City, Kansas address. The search for the Berger brothers continued. About 8 p. m. that evening, they were discovered in the search area and were arrested and taken into custody by the Hickory County Sheriff, William Kennedy. At the time of the arrest, a rifle and a knife, later determined to be the property of Rushton, were taken from the defendant. Defendant and his brother were then booked into the Hickory County jail on a charge of suspicion of auto theft (the stolen pickup). At the time of booking, defendant gave his name as Randy Berger.

Sheriff Kennedy's office then contacted Roy Rushton in Kansas City and informed him of the circumstances of the recovery of the rifle case which contained Rushton's name. Rushton drove to Hickory County that evening and discovered that a trailer house he kept there as a vacation home had been broken into and a number of articles stolen. Rushton identified the items found in the pickup and the rifle and knife taken from defendant as his property. He also advised Sheriff Kennedy that several other articles were missing from the trailer which had not yet been recovered.

About 11:30 a. m. the next morning, defendant and his brother were taken from the jail to the sheriff's office. Sheriff Kennedy, in the presence of Trooper Richard Lindsay, told the brothers that they were under arrest for the Rushton burglary in Hickory County, and advised them of their constitutional rights. The sheriff also told them that some of the property stolen from the Rushton trailer had not been recovered and asked the brothers if they had any objection to the sheriff searching their home to look for the missing items. Both brothers denied any knowledge of the missing items and stated that they had no objection to a search of their home. The sheriff then typed out a consent to search form. Defendant and his brother examined the form for two or three minutes and then signed it. Defendant signed his name as Randy Berger and the signatures were witnessed by Sheriff Kennedy and Officer Lindsay. No threats, display of weapons, or other coercion of any kind was used by the sheriff or officer to induce defendant or his brother to sign the consent form. A subsequent search based on the consent, was then made of the Berger home. Three items of personal property, which were a travel alarm, a manicure set, and a Coleman cooler, which had been stolen from the Rushton trailer, were found during the search and later introduced as evidence, over objection, during the trial. Defendant did not testify at trial, or offer any evidence in his defense.

■ When one views the evidence stated above under the totality of circumstances test, *State v. Berry*, 526 S.W.2d 92, 98 (Mo. App.1975), it is evident, beyond a reasonable doubt, that defendant and his brother knowingly and willingly consented to the search in question. There is not a scintilla of evidence that such consent was coerced, or that defendant did not understand the consequences of his act when he signed the consent form. Not only did defendant and his brother sign the consent form, without being coerced to do so, but they also gave their oral consent to the search, and explained why they had no objection to it.

Searches based on consent have been upheld under far more extreme circumstances than we have here. See *State v. Pinkus*, 550 S.W.2d 829 (Mo.App.1977). Defendant's claim of error has no merit.

The judgment is affirmed.

All concur.